# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RODERICK LEE, | ) |
| Petitioner | ) |
| v. | ) No. 1:09cv0050 AS |
| BRETT MIZE, | ) |
| Respondent | ) |

### *MEMORANDUM OPINION AND ORDER*

On or about February 24, 2009, *pro se* petitioner, Roderick Lee, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on May 21, 2009, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a 40-year sentence for burglary and attempted, imposed by a court in Grant County, Indiana. At the time of the filing of this petition he was incarcerated in the MCF in this district. The Court of Appeals of Indiana affirmed the aforesaid convictions, and the Indiana Supreme Court denied transfer of the same on or about August 16, 2002.

Certainly the decision of the Supreme Court of Indiana and the decision of the Court of Appeals of Indiana are entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1), and this petitioner has the burden of rebutting that presumption by clear and convincing evidence which he has failed to do.

The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). It is also elementary that state courts must have a full and fair opportunity to address even the federal claims, and such is a condition precedent to filing petitions invoking 28 U.S.C. §2254. In this regard, this species of claim must be presented to the highest court of the state. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). The Attorney General of Indiana is correct under *Boerckel* that this petitioner has failed to focus on any federal claims that were considered and denied by the courts of the State of Indiana. To be sure, there is procedural default.

The petition in this case was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1) which apply here. *See Lindh v. Murphy*, 96 F.3d 856 (7th Cir. 1996), (en banc), *rev'd on other grounds*, 521 U.S. 320 (1997). A careful examination of the state court opinion fails to establish that it is contrary to establish Supreme Court precedent.

The petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** June 26, 2009

                                               /s/ ALLEN SHARP
                                          **ALLEN SHARP, JUDGE**
                                          **UNITED STATES DISTRICT COURT**